## PEOPLE *v.* MENDOZA

CONSTITUTIONAL LAW — DUE PROCESS — RIGHT TO ASSISTANCE OF
COUNSEL — CRIMINAL LAW — RECKLESS DRIVING.

> Denial of defendant's right to legal counsel at his trial for
> reckless driving was reversible error (Const 1963, art 1, § 20;
> MCLA § 257.626).

Appeal from Recorder's Court of Detroit, Richard
M. Maher, J. Submitted Division 1 May 9, 1969, at
Detroit. (Docket No. 5,536.) Decided May 27, 1969.
Application for leave to appeal filed October 22, 1969.

Jesus Armando Mendoza was convicted on his
guilty plea of reckless driving. Defendant appeals.
Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant
Prosecuting Attorney, for the people.

*C. Michael Kimber,* for defendant on appeal.

BEFORE: HOLBROOK, P. J., and McGREGOR and
BRONSON, JJ.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 309, 313.
Constitutional guaranty of right to appear by counsel as applicable to misdemeanor case. 42 ALR 1157.

PER CURIAM. Defendant, Jesus Armando Mendoza, was arrested at approximately 6:50 a.m. on April 15, 1968, in the city of Detroit. He was charged with reckless driving, MCLA § 257.626 (Stat Ann 1968 Rev § 9.2326). At 10 a.m. that same morning, defendant was arraigned in the recorder's court for the city of Detroit, traffic and ordinance division.

The record shows that on arraignment defendant stated that he wanted to see an attorney. The defendant was not offered an adjournment for this purpose. The request to see an attorney was ignored by the court and he was denied this right. The Michigan Constitution guarantees an accused person the right to have the assistance of counsel for his defense in every criminal prosecution (Const 1963, art 1, § 20). The denial of defendant's right to legal counsel was reversible error.

Reversed and remanded.